# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY EDWARD VENOSH, : | |
| : | |
| Plaintiff : | CIVIL ACTION NO. 3:17-1294 |
| : | |
| v. : | |
| : | (JUDGE MANNION) |
| NANCY A. BERRYHILL, | |
| Acting Commissioner : | |
| of Social Security | |
| : | |
| Defendant | |

# M E M O R A N D U M

Pending before the court is the report and recommendation of Judge Saporito, (Doc. 11), recommending that plaintiff's appeal from the final decision of the Commissioner of Social Security be denied, and that the decision of the Commissioner be affirmed. Judge Saporito reviewed the record in this case pursuant to 42 U.S.C. §405(g) to determine whether there is substantial evidence to support the Commissioner's decision partially denying the plaintiff's claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, ("Act"). 42 U.S.C. §§401-433, 1381-1383f. The court has jurisdiction over this appeal pursuant to 42 U.S.C. §1383(c)(3). The plaintiff, Gary Edward Venosh, has filed objections to Judge Saporito's report.[1] (Doc.

---

[1]Plaintiff is represented by counsel in this case. The court notes that since Judge Saporito stated the full procedural history of this case in his report and since plaintiff did not object to it, the court will not repeat it herein.

12). The Commissioner responded to plaintiff's objections. (Doc. 13). For the following reasons, the report and recommendation is **ADOPTED** and plaintiff's appeal of the decision of the Commissioner will be **DENIED**.

**I.     STANDARD OF REVIEW**

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b), advisory committee notes; *see also* Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every Report and Recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local

Rule 72.31.

When reviewing the denial of disability benefits, the court must determine whether the denial is supported by substantial evidence. Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); Johnson v. Commissioner of Social Sec., 529 F.3d 198, 200 (3d Cir. 2008 ). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Pierce v. Underwood, 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988); Hartranft v. Apfel, 181 F.3d 358, 360. (3d Cir. 1999), Johnson, 529 F.3d at 200. It is less than a preponderance of the evidence but more than a mere scintilla. Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971 ). If the ALJ's decision is supported by substantial evidence, the court is "bound by those findings." Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001) (citation omitted). Furthermore, in determining if the ALJ's decision is supported by substantial evidence the court may not parse the record but rather must scrutinize the record as a whole. Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981).

  To receive disability benefits, the plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §432(d)(1)(A). Furthermore,

  [a]n individual shall be determined to be under a disability only if

> [her] physical or mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which [she] lives, or whether a specific job vacancy exists for [her], or whether [she] would be hired if [she] applied for work. For purposes of the preceding sentence (with respect to any individual), 'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

42 U.S.C. §423(d)(2)(A).

## II. RELEVANT MEDICAL EVIDENCE

Judge Saporito's report and recommendation ("R&R"), as well as the initial briefs of the parties, contain a thorough review of the plaintiff's medical history. The plaintiff did not file any objections to Judge Saporito's report with respect to his medical history, so it will be adopted. *See* Butterfield v. Astrue, 2010 WL 4027768, *3 (E.D.Pa. Oct. 14, 2010) ("To obtain *de novo* determination of a magistrate [judge's] findings by a district court, 28 U.S.C. §636(b)(1) requires both timely and specific objections to the report.") (quoting Goney v. Clark, 749 F.2d 5, 6 (3d Cir.1984)). Also, since the five-step legal framework for addressing a disability claim was properly stated in the R&R, and the findings of the ALJ at each step is in the record, the court incorporates by reference these portions of the R&R and the ALJ's decision.

## III. DISCUSSION

The plaintiff alleged an onset disability date of April 1, 2013. The ALJ found that the plaintiff was not disabled prior to February 25, 2015, but that he was disabled after this date and that he continued to be disabled through the date of her decision, January 19, 2016. (Tr. 29-30, 38).

The plaintiff raises three objections to the R&R claiming that Judge Saporito erred in his report with respect to his findings about the decision of the Administrative Law Judge ("ALJ"), namely: (1) the judge erred in finding that the ALJ correctly evaluated the opinions of plaintiff's treating physicians; (2) the judge erred in finding that the ALJ correctly evaluated the opinion of the state agency physician; and (3) the judge erred in finding that the ALJ correctly assessed plaintiff's credibility.[2]

Initially, the Commissioner's response to the plaintiff's objections states that "plaintiff's objections essentially re-state the arguments raised in his initial and reply briefs in this matter", and cites a case which held that "objections

---

[2] In his report, Judge Saporito specified the ALJ's findings which plaintiff challenged in his briefs as well as his (Judge Saporito's) reasoning for finding that substantial evidence supported the ALJ's findings. As such, the court does not repeat these discussions herein.

The court also notes that plaintiff's counsel continually misidentifies Magistrate Judge Saporito as "the Magistrate." The title magistrate no longer exists in the U.S. Courts, having been changed from "magistrate" to "magistrate judge" in 1990. Judicial Improvements Act of 1990, 104 Stat. 5089, Pub. L. No. 101-650, §321 (1990) ("After the enactment of this Act, each United States magistrate . . . shall be known as a United States magistrate judge."). Plaintiff's counsel is reminded to use the correct title, in the future, when referring to Judge Saporito.

5

which merely rehash arguments presented to and considered by a magistrate judge are not entitled to de novo review." (citations omitted). However, the Third Circuit in Brown v. Astrue, 649 F.3d 193, 195 (3d. Cir. 2011), stated that "§636(b)(1) requires district courts to review [ ] objections de novo unless the objection is 'not timely or not specific'", and that "any appeal to a district court based on an objection to a Magistrate Judge's order will 'rehash arguments presented to and considered by' the Magistrate Judge." (citations omitted). The Court then stated, "That is—by definition—the very nature of 'review.'" Id. *See also* Rodriguez v. Colvin, 2018 WL 1474073, *6 (E.D.Pa. March 23, 2018).

Here, the plaintiff filed timely and specific objections to Judge Saporito's report. Thus, the court will conduct a de novo review of the record.

The court has considered the R&R, plaintiff's objections to the R&R as well as the Commissioner's response. The plaintiff contends that the ALJ should have given greater weight to the opinions of his treating physicians. Upon de novo review of plaintiff's first objection, the court finds that Judge Saporito correctly found that the ALJ did not err in evaluating the opinions of plaintiff's two treating physicians, Dr. Besen and Dr. Mozeleski, and in affording partial weight to these opinions.

The record, as discussed by Judge Saporito, supports the ALJ's findings and the weight she afforded to Dr. Besen's opinions, including his June 2014 opinion that the plaintiff was "unable to be gainfully employed" and his opinion that plaintiff was limited to less than sedentary work. The ALJ gave

6

little weight to Dr. Besen's opinions regarding plaintiff's inability to work. (Tr. 35). At the outset, the finding of whether the plaintiff is disabled or unable to work is reserved for the Commissioner. *See* Zonak v. Comm'r of Social Sec., 290 Fed.Appx. 493, 497 (3d Cir. 2008). The ALJ also considered the fact that Dr. Besen's opinions were not well supported by other medical evidence in the record and that Dr. Besen's post back surgery treatment records did not have any findings showing that plaintiff continued to have the extent of back pain he alleged. Judge Saporito explained the basis for the ALJ's findings, and also pointed out that the ALJ incorporated the limitations found by Dr. Besen, which she found supported by the record, in her finding regarding plaintiff's residual functional capacity ("RFC"). (Tr. 35).

The court finds that Judge Saporito correctly found that substantial evidence supported the ALJ's finding with respect to the weight she gave to Dr. Besen's opinion.

The ALJ found that the plaintiff had the RFC to perform light work with restrictions. However, Dr. Mozeleski opined that the plaintiff could perform sedentary work. The ALJ did not give full weight to Dr. Mozeleski's opinion since she found that this opinion was not consistent with the evidence in the record which she discussed. The ALJ did include most of Dr. Mozeleski's limitations on plaintiff's work abilities in his RFC and found that the record did not support greater limitations. (Tr. 35-36). Judge Saporito applied the proper case law and regulations to the ALJ's findings regarding Dr. Mozeleski's opinion and concluded that substantial evidence supported the ALJ's

7

determination. In particular, Judge Saporito found that the ALJ correctly decided that the record did not support all of the limitations which Dr. Mozeleski opined plaintiff had.

The court concurs with Judge Saporito and his finding that "the ALJ provide[d] a sufficient explanation in assigning partial weight to the opinions of Drs. Besen and Mozeleski." *See* Fullen v. Comm'r of Soc. Sec., 705 Fed.Appx. 121, 125 (3d Cir. 2017) (Third Circuit stated that "*Morales v. Apfel* requires that 'the ALJ accord treating physicians' reports great weight,' but there is no requirement to accept those opinions if they are not supported by sufficient evidence in the record.").

Thus, plaintiff's first objection to Judge Saporito's report will be overruled.

Secondly, plaintiff asserts that Judge Saporito erred by finding that the ALJ gave proper weight to the opinion of the state agency consultant physician, Dr. Potera. The ALJ gave great weight to the opinion Dr. Potera who found that the plaintiff could perform light work, and the ALJ relied upon Dr. Potera's opinion to support her RFC assessment. Plaintiff argues that Judge Saporito failed to assess whether the ALJ properly evaluated Dr. Potera's opinion. Plaintiff contends that Judge Saporito did not address his contention that the ALJ failed to consider the fact that Dr. Potera did not review the June 4, 2014 statement of disability, the February 10, 2015 medical source statement of Dr. Besen, and the March 2, 2015 medical source statement of Dr. Mozeleski. Plaintiff also states that Dr. Potera's

8

opinions are not consistent with some of his medical records that were subsequent to his opinions.

"[T]he treating physician's rule entitles the opinion of a treating physician to controlling weight, absent significant evidence inconsistent with that opinion." Rodriguez, 2018 WL 1474073, *7 (citations omitted). "However, the opinions of non-examining physicians can override a treating source's opinions, provided that the former are supported by evidence in the record." Id. (citations omitted). Thus, if "the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit but cannot reject evidence for no reason or for the wrong reason." Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000). *See also* Diaz v. Commissioner, 577 F.3d 500, 505-06 (3d Cir. 2009) ("In evaluating medical reports, the ALJ is free to choose the medical opinion of one doctor over that of another.") (citation omitted).

The ALJ detailed the substantial evidence which she found supported Dr. Potera's opinion. Although the plaintiff contends that Dr. Potera did not review the complete record, as specified above, the ALJ did conduct such a review and found that Dr. Potera's opinion that plaintiff was capable of a range of light exertional work was supported by the treatment records and the record as a whole. (Tr. 36). In fact, it is the ALJ's assessment of the weight she afforded to Dr. Potera's opinion at issue and the court finds that the ALJ did consider the record as a whole in making this assessment even if Dr. Potera did not consider the records stated by plaintiff. In particular, the ALJ

found that a form Dr. Besen's completed in which he opined that plaintiff's impairments met a listed impairment, (1.04), was not supported by the record, including diagnostic tests, (such as the February 2015 post-surgery MRI), and physical exams, and that his opinion did not state the medical evidence on which he relied. The ALJ also consider Dr. Mozeleski's March 2015 medical source statement. Further, the ALJ included the limitations in the plaintiff's RFC found by Dr. Besen and Dr. Mozeleski to the extent that they were supported by the record.

Therefore, plaintiff's second objection will be overruled since substantial evidence supports the weight which the ALJ afforded to Dr. Potera's opinion.

Third, plaintiff argues that Judge Saporito erred when he found that the ALJ properly assessed his credibility since he was entitled to "substantial credibility" in light of his lengthy work history as a contractor. The plaintiff argues that neither the ALJ nor Judge Saporito addressed his continuous work record and his statements regarding his ability to continue working.

The plaintiff testified at the hearing before the ALJ. The ALJ found that the plaintiff's medically determinable impairments could reasonably be expected to cause his alleged symptoms, but his statements concerning the intensity, persistence and limiting effects of his symptoms were not entirely credible based on consideration of the entire record. (Tr. 34). The ALJ then discussed the medical evidence in the record and explained how it did not fully support the degree of the limitations plaintiff alleged, including his alleged significant limitations in his daily living. The ALJ also considered the plaintiff's

past relevant work as a retail sales representative and a form builder.

"Work history is a proper consideration in the [claimant's] credibility assessment." Voorhees v. Colvin, 215 F.Supp.3d 358, 383 (M.D.Pa. 2015) (citing Dobrowolsky v. Califano, 606 F.2d 403 (3d Cir.1979)). "The inferences drawn from a claimant's work history vary depending on the facts." Id. (citing, in part, Dobrowolsky v. Califano, 606 F.2d 403, 409 (3d Cir. 1979) ("holding that a claimant's testimony [as to his capabilities] 'is entitled to 'substantial credibility' where the claimant has a lifetime record of continuous work") (other citations omitted).

At the ALJ hearing, plaintiff testified that he has not worked since his alleged onset date of April 1, 2013, and the ALJ found that plaintiff has not engaged in substantial gainful activity since the alleged onset date. (Tr. 31, 58). At the hearing, the ALJ also noted plaintiff's job history "during the relevant 15-year period" and considered plaintiff's work with Home Depot from 2000 to 2002 as a sales representative, and his work in 2003 when he became self-employed as a contractor doing remodeling, roofing and siding. (Tr. 67, 182, 199). Plaintiff continued to work as a contractor until April 2013, and he testified how his symptoms gradually got worse and how he was then unable to work. The ALJ also noted that plaintiff's reported earnings in 2013 were $3089.00.[3] (Tr. 32, 172).

---

[3] According to plaintiff's DIB Insured Status Report, his relevant earnings were as follows: in 2000, $23,947.03; in 2001, $24,337.76; in 2002, $11,746.86; in 2003, $12,583; in 2004, $4345; from 2005 to 2007, $0.00; in 2008, $11,831.76; in 2009, $6439.89; in 2010, $7860; in 2011, $8598; and in

11

Here, plaintiff had a lengthy work record during the relevant time period. However, even though the testimony of a plaintiff, with a lengthy continuous work record, as to his capabilities is entitled to "substantial credibility", his testimony regarding his subjective pain and inability to perform work must be supported by competent medical evidence in order to be entitled to great weight. *See* Dobrowolsky, 606 F.2d at 409. Further, the ALJ must give an explanation regarding the relative weight and credibility of the evidence before her, including the plaintiff's statements regarding his physical abilities. Id. In the instant case, the ALJ discussed how the medical evidence in the record did not support the extent of the limitations which the plaintiff alleged he had and why she only gave plaintiff's testimony limited credibility. As such, the ALJ considered the plaintiff's testimony along with the medical evidence. "Although a person, such as Plaintiff, who has worked continuously in the same field for a substantial duration of time may be afforded enhanced credibility, [ ], simply disagreeing with the ALJ's assessment of that credibility is not sufficient to establish that her decision was not supported by substantial evidence." Posko v. Astrue, 756 F.Supp.2d 607,614 (D.De. 2010) (citations omitted).

Additionally, the ALJ did not consider only plaintiff's December 2013 back surgery as plaintiff contends, she also considered the post-surgical treatments and medications which plaintiff received. Substantial evidence supported the ALJ's finding that plaintiff's condition improved after his

---

2012, $10,001. (Tr. 172).

12

surgery, such as the February 2015 MRI noting that stable spinal stenosis, mild degenerative disc disease, and stable annular tear at L5-S1. Further, the ALJ considered plaintiff's continued complaints of back pain after his surgery but found that they were not entirely credible based on the medical evidence. However, the ALJ included limitations in plaintiff's RFC to accommodate for plaintiff's testimony regarding his pain.

Thus, the ALJ properly assessed plaintiff's statements regarding his symptoms and substantial evidence supports her decision finding that his testimony was not entirely credible. *See* Pacifico v. Colvin, 2015 WL 5695271, *12 (M.D.Pa. Sept. 28, 2015) ("An ALJ may reject a claimant's subjective testimony that is not found credible so long as there is an explanation for the rejection of the testimony."). Therefore, plaintiff's third objection will be overruled.

Accordingly, all of the plaintiff's objections, (Doc. 12), to Judge Saporito's report, (Doc. 11), will be overruled, and the report will be adopted in its entirety.

## IV. CONCLUSION

In light of the foregoing, Judge Saporito's report and recommendation, (Doc. 11), is **ADOPTED**, and plaintiff's objections, (Doc. 12), are **OVERRULED**. Further, plaintiff's appeal, (Doc. 1), is **DENIED** and, the Commissioner's decision is **AFFIRMED**. A separate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: September 19, 2018**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2017 MEMORANDA\17-1294-01.wpd